UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| REED D. WILLIS, JR. | : | |
| Debtor | : | CHAPTER 13 |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | CASE NO. 1-25-bk-00821 |
| | : | |
| REED D. WILLIS, JR. | : | |
| Respondent | : | |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 8th day of May, 2025 comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(2) in that Debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. §507, specifically Claim 1.

2. Failure to properly state the liquidation value in Section 1B of the Plan.

3. Trustee objects to Debtor(s)' Plan subject to Debtor(s)' providing to Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable Trustee to file the Business Examination Report with the Court pursuant to §1302(c), 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

   a. Certification of Business Debtor.

4. Schedule D lacks description.

5. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid – 100% (required by the liquidation value).
   b. The Plan is ambiguous as to its term.

6. Debtor has not demonstrated that all tax returns have been filed as required by §1325(a)(9), specifically 2021 and 2022 state returns.

7. Trustee provides notice to the Court as to the ineffectiveness of Debtor(s)' Chapter 13 Plan for the following reasons:

a. Clarification of vesting property. Because non-exempt equity exists, the Plan should provide for vesting at closing. Accordingly, the Plan violates §1325(a)(4).

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of Debtor(s)' Plan.
b. Dismiss or convert Debtor(s)' case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 8th day of May 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

CHRISTOPHER G CASSIE
KEAVENEY LEGAL GROUP, LLC
1000 MAPLEWOOD DRIVE, SUITE 202
MAPLE SHADE, NJ 08052-

/s/Tammy Life
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee