# United States Bankruptcy Court
## Middle District of Pennsylvania

In re:

Reed D. Willis, Jr.

    Debtor

Case No. 25-00821-HWV

Chapter 13

# CERTIFICATE OF NOTICE

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 10, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Reed D. Willis, Jr., 4945 Deer Path Drive, Huntingdon, PA 16652-7753 |
| 5699318 | + | Geraldine M. Linn, Esq., KML Law Group PC, 701 Market St #5000, Philadelphia, PA 19106-1541 |
| 5699319 | + | Loancare, 75 Beattie Pl Ste 300, Greenville, SC 29601-2138 |
| 5702725 | | Penelec / FirstEnergy, Po Box 371431, Pittsburgh, PA 15250-7430 |
| 5710256 | + | U.S. Bank Trust National Association, Not In, c/o Loancare, 75 Beattie Pl Ste 300, Greenville, SC 29601-2138 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | | Email/Text: RVSVCBICNOTICE1@state.pa.us | May 08 2025 18:43:00 | Commonwealth of Pennsylvania, Department of Revenu, Bankruptcy Division, Department 280946, Harrisburg, PA 17128-0496 |
| 5699316 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | May 08 2025 18:59:37 | Cbna, Po Box 6217, Sioux Falls, SD 57117-6217 |
| 5699317 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | May 08 2025 18:59:34 | Citicards Cbna, Po Box 6500, Sioux Falls, SD 57117-6500 |
| 5710252 | | Email/Text: sbse.cio.bnc.mail@irs.gov | May 08 2025 18:43:00 | Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 5702726 | + | Email/Text: BankruptcyEast@firstenergycorp.com | May 08 2025 18:43:00 | Penelec, 101 Crawford's Corner Road, Building 1 Suite 1-511, Holmdel, NJ 07733-1976 |
| 5708750 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | May 08 2025 18:43:00 | Pennsylvania Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 6

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5710249 | *+ | CBNA, Po Box 6217, Sioux Falls, SD 57117-6217 |
| 5710250 | *+ | Citicards CBNA, Po Box 6500, Sioux Falls, SD 57117-6500 |
| 5710251 | *+ | Geraldine M. Linn, Esq., KML Law Group PC, 701 Market St #5000, Philadelphia, PA 19106-1541 |
| 5702728 | *+ | Penelec, 101 Crawford's Corner Road, Building 1 Suite 1-511, Holmdel, NJ 07733-1976 |
| 5710253 | *+ | Penelec, 101 Crawford's Corner Road, Building 1 Suite 1-511, Holmdel, NJ 07733-1976 |
| 5702729 | * | Penelec / FirstEnergy, Po Box 371431, Pittsburgh, PA 15250-7430 |
| 5710254 | * | Penelec / FirstEnergy, Po Box 371431, Pittsburgh, PA 15250-7430 |
| 5710255 | * | Pennsylvania Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 0 Undeliverable, 8 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 10, 2025     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 8, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Christopher G. Cassie | on behalf of Debtor 1 Reed D. Willis  Jr. ccassie@keaveneylegalgroup.com, atruss@keaveneylegalgroup.com;22374@notices.nextchapterbk.com |
| Denise E. Carlon | on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com |
| J Eric Kishbaugh | on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust jkishbaugh@udren.com, vbarber@udren.com |
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| Kelly M. Appleyard | on behalf of Creditor Commonwealth of Pennsylvania  Department of Revenue kappleyard@attorneygeneral.gov |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 6

LOCAL BANKRUPTCY FORM 3015-1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE: Reed D. Willis Jr.      CHAPTER 13

CASE NO. 1:25-bk-00821- HWV

☑ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
__ Number of Motions to Avoid Liens
__ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Icluded | ☑ Not included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1.      **PLAN FUNDING AND LENGTH OF PLAN.**

   A. Plan Payments From Future Income

   1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $83,100.00 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 04/2025 | 03/2025 | $1,385.00 | $0.00 | $1,385.00 | $83,100.00 |
| | | | | | |
| | | | | Total Payments: | $83,100.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:

☑ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

☐ Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

### B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $145,671.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) *Check one:*

    ☑ No assets will be liquidated.
    *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

    ☐ Certain assets will be liquidated as follows:

1. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $___ from the sale of property known and designated as _____ All sales shall be completed by _____, 20__. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2.  SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check One:*

    ☑ None.
    *If this line is checked, the rest of § 2.A need not be completed or reproduced.*

    ☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claim Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check One:*

☐ None.

If this is checked, the rest of § 2.B need not be completed or reproduced.

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust | 4945 Deer Path Dr., Huntingdon, PA 16652 | 9989 |

### C. Arrears (Including but not limited to, claim secured by Debtor's principal residence). *Check One:*

☐ None.

If this is checked, the rest of § 2.C need not be completed or reproduced.

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not

itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in Plan |
|---|---|---|---|---|
| U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust | 4945 Deer Path Dr., Huntingdon, PA 16652 | $38,547.00 | $0.00 | $38,547.00 |
| Pennsylvania Department of Revenue | 4945 Deer Path Dr., Huntingdon, PA 16652 | $24,600.11 | $0.00 | $24,600.11 |

    D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.).  *Check One:*

☑ None.

If this is checked, the rest of § 2.D need not be completed or reproduced.

    E. Secured claims for which a § 506 valuation is applicable).  *Check One:*

☑ None.

If this is checked, the rest of § 2.E need not be completed or reproduced.

    F. Surrender of Collateral. *Check One:*

☑ None.

If this is checked, the rest of § 2.F need not be completed or reproduced.

    F. Lien Avoidance. *Do not use for mortgages or for statutory liens, such as tax liens:*

☑ None.

If this is checked, the rest of § 2.G need not be completed or reproduced.

3.    PRIORITY CLAIMS.

    A. Administrative Claims

    1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. Attorney's Fees. Complete only one of the following options:

      a. In addition to the retainer of $2,148.75 already paid by the Debtor, the amount of $2,351.25 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $__ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in § 3.A.1 or 3.A.2 above. *Check One:*

      ☑ None.

      *If this line is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ☐ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

    B. Domestic Support Obligations).

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- | |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11. U.S.C. §507(a)(1)(B)**. *Check One:*

☑ None.

*If this line is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

4. **UNSECURED CLAIMS.**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check One:*

☑ None.

If this is checked, the rest of § 4.A need not be completed or reproduced.

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes**.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check One:*

☑ None.

If this is checked, the rest of § 5 need not be completed or reproduced.

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan confirmation.

☐ entry of discharge.

☐ closing of case.

7. **DISCHARGE: (** *Check one)*

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated: <u>04/04/2025</u>

<u>/s/ Christopher Cassie</u>
Attorney for Debtor

<u>/s/ Reed D. Willis Jr.</u>
Debtor


Joint Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.